**UNITED STATES of America,**
**Appellee,**

v.

**Cyril SMITH, also known as Nicholas Smith, also known as Nicholas Wright, also known as Mark Nicholas Smith, also known as Zero, Defendant–Appellant.**

**No. 07–5740–cr.**

United States Court of Appeals,
Second Circuit.

Oct. 8, 2009.

Robin C. Smith (Jeremy Gutman, on the brief, New York, NY), Brooklyn, NY, for Defendant–Appellant.

David M. Rody, Assistant United States Attorney (Michael D. Maimin and Katherine Polk Failla, Assistant United States Attorneys, on the brief), for Lev L. Dassin, Acting United States Attorney, Southern District of New York, New York, NY, for Appellee.

Present: JON O. NEWMAN, WALKER, ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Cyril Smith appeals from a judgment of the district court convicting him, after a jury trial, of eight counts: one count of conspiracy to distribute crack cocaine, heroin, and cocaine from 1998 to 2002, two counts of intentionally killing someone while engaged in a drug trafficking crime (to wit, the 1998–2002 conspiracy), three counts of causing the death of someone through the use of a firearm during and in relation to a drug trafficking crime (to wit, the 1998–2002 conspiracy), one count of conspiracy to distribute crack cocaine in August 2005, and one count of distribution of crack cocaine in August of 2005. The jury acquitted Smith on a ninth count in the indictment, which charged Smith with a third count of intentionally killing someone while engaged in a drug trafficking crime. We assume the parties' familiarity with the facts and procedural history of the case.

■ On appeal, Smith argues that the district court erred by concluding that Smith was competent without first obtaining his psychological evaluation. Under 18 U.S.C. § 4241, "[t]he court shall grant the motion [for a hearing to determine the mental competency of the defendant], or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be ... incompetent...." 18 U.S.C. § 4241(a). "Prior to the date of the hearing, the court *may order* that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court...." *Id.* at § 4241(b) (emphasis added). Thus, it is clear that the law does not require the district court, in every instance, to obtain a psychological evaluation before deciding whether there is reasonable cause to believe that the defendant is incompetent. *See, e.g., United States v.*

*Vamos,* 797 F.2d 1146, 1150–51 (2d Cir. 1986) (concluding that the district court was not "compelled to conduct a full inquiry into [the defendant's] competence" and did not abuse its discretion in concluding that the defendant was competent); *United States v. Oliver,* 626 F.2d 254, 258–59 (2d Cir.1980) (upholding the district court's decision not to order a psychiatric examination and subsequent hearing based on the judge's direct observation and questioning of the defendant). We review the district court's determination that there was no reasonable cause to believe that the defendant may be incompetent for abuse of discretion, *see United States v. Quintieri,* 306 F.3d 1217, 1232–33 (2d Cir.2002), and with "deference ... to the district court's determinations based on observation of the defendant during the proceedings," *Vamos,* 797 F.2d at 1150. In light of the district court's own observations of Smith during pre-trial and trial proceedings and given the opinions of Smith's attorneys that he was competent, we find no abuse of discretion in the district court's conclusion that Smith was competent.

■ Smith challenges also the joinder of the August 2005 conspiracy and distribution counts in a single indictment and trial with the remaining counts. We review the district court's denial of a Rule 8(a) motion to sever counts *de novo, see United States v. Lee,* 549 F.3d 84, 94 (2d Cir.2008), and according to a "twofold inquiry: whether joinder of the counts was proper, and if not, whether misjoinder was prejudicial to the defendant," *United States v. Rivera,* 546 F.3d 245, 253 (2d Cir.2008) (quotation marks omitted). We find Smith's argument to be meritless. The August 2005 conspiracy and distribution counts are "of the same or similar character" as the conspiracy count relating to Smith's 1998–2002 conduct and thus were properly joined with the other counts of the indictment. *See* Fed.R.Crim.P. 8(a)

(permitting joinder of offenses against a single defendant, among other circumstances, when the offenses are "of the same or similar character"); *United States v. Werner,* 620 F.2d 922, 924–26 (2d Cir. 1980) (upholding joinder of two sets of counts arising from two distinct episodes in which the defendant committed similar crimes). We review the district court's determination that severance was not necessary under Fed.R.Crim.P. 14(a) for abuse of discretion. *See United States v. Stewart,* 433 F.3d 273, 314–15 (2d Cir.2006) (noting that the district court's determination that severance is not necessary "is entitled to considerable deference that is virtually unreviewable and may be overcome only by demonstrating substantial prejudice so severe that his conviction constituted a miscarriage of justice and that the denial of his motion constituted an abuse of discretion" (internal quotation marks omitted)). In this case, the jury was instructed to consider the charges separately, and the evidence was such that the jury could easily do so. Thus, we conclude that the district court did not abuse its discretion by denying Smith's motion for severance. *See Werner,* 620 F.2d at 929 (upholding district courts refusal to grant separate trials where there is no risk that the jury would be confused about the evidence and a sufficient instruction was given).

■ Finally, Smith argues that the district court abused its discretion in admitting a photograph of Smith's tattoo, which depicts the skull, arms, and ribcage of a skeleton firing a weapon, with shell casings being ejected from the gun, flame coming out of the barrel, and the words "D'EVILS WITHIN" printed above it.

■ We agree that the district court erred by admitting a photograph of Smith's tattoo. The district court concluded that Smith's tattoo was probative be-

cause "the defendant has chosen to display on his own body, affirmations of this kind of conduct [gun violence]." On appeal, the government makes a similar argument, claiming that "it was probative of [Smith's] intent that he chose to adorn his body with a tattoo of a skeleton firing a weapon." The probative value identified by the district court and by the government implicitly rely on an impermissible propensity inference. *See United States v. Newsom,* 452 F.3d 593, 603–04 (6th Cir.2006) (concluding that evidence of defendant's gun tattoo was not relevant to the question of whether he possessed the gun charged in the indictment and that the "tattoo evidence was unfairly prejudicial because it suggested to the jury that [the defendant] had a hostile, criminal disposition"); *United States v. Thomas,* 321 F.3d 627, 632 (7th Cir.2003) (rejecting government's argument that defendant's gun tattoo was relevant because it showed that the defendant had "a high opinion of guns," finding that this evidence "only goes to propensity"). The government has not articulated a way in which this evidence is relevant that does not rely on an impermissible propensity inference; thus, the evidence should not have been admitted. Fed. R.Evid. 401, 402. This evidentiary error, however, does not affect "substantial rights," and thus does not require the conviction to be reversed. *See* Fed.R.Crim.P. 52(a). Given the other evidence of Smith's guilt and that the jury's attention was never drawn to the impermissible evidence, we conclude that the evidence of Smith's tattoo was unimportant in relation to everything the jury considered as evidence of Smith's guilt. *See United States v. Kaplan,* 490 F.3d 110, 124 n. 5 (2d Cir.2007) (finding evidentiary error harmless because there was "substantial independent evidence" of the defendant's guilt and the government "did not emphasize the testimony in issue in urging the jury to convict [the defendant]").

We have considered Smith's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**